Filed 7/12/13  P.v. Gutierrez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056155 |
| v. | (Super.Ct.No. FSB904794) |
| JOSE JUAN GUTIERREZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed with directions.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Jose Juan Gutierrez, Jr., pled guilty to one count of possession of child pornography. (Pen. Code, § 311.11, subd. (a), count 1.)[1] A jury subsequently found him guilty of one count of sodomy with a child 10 years old or younger (§ 288.7, subd. (a), count 2), one count of oral copulation or sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b), count 3), and 43 counts of committing a lewd or lascivious act upon a child under the age of 14 years (§ 288, subd. (a), counts 4-46). As to counts 2 and 3, the jury made the special finding that those crimes occurred on or before the victim's tenth birthday. A trial court sentenced defendant to 25 years to life in state prison on count 2, a consecutive 15 years to life on count 3, a consecutive eight months on count 1, and a consecutive two-year term on each of the remaining counts (4-46), for a total of 40 years to life, plus a determinate term of 86 years eight months. The court also awarded defendant 1041 days of presentence custody credits (906 actual plus 135 conduct) under section 2933.1.

Defendant filed a notice of appeal. We affirm.

### FACTUAL BACKGROUND

Defendant was interviewed by the police, after waiving his *Miranda*[2] rights. He admitted that he possessed child pornography. He also admitted that he molested his cousin. Defendant said his cousin (the victim) moved in with defendant's family, they shared a room, and he started molesting him soon thereafter. Defendant admitted that he

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

molested the victim about three times a week for the past three and one-half years. The interview was tape recorded, and the recording was played for the jury at trial.

At trial, the police detective who had performed a forensic examination of defendant's computer, which the police had seized, testified. He recovered several files containing pictures of naked children engaged in sexual conduct, as well as child pornographic movies from defendant's computer.

Furthermore, at trial, the victim testified that he moved into his aunt's house when he was about eight years old, and he shared a room with defendant. The victim said defendant started touching his private parts (his buttocks and penis) on the second day after he moved in. The victim testified that defendant orally copulated him and sodomized him "[a] lot of times." He said that the inappropriate acts occurred almost every day for three and one-half years.

## ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] setting forth a statement of the case and several potential arguable issues: (1) whether the age requirement for the sodomy and oral copulation charges made the victim ineligible; (2) whether defense counsel was ineffective for failing to object to the evidence of child pornography under Evidence Code section 352, given that defendant pled guilty to the charge of possession of child pornography; (3) whether defense counsel was ineffective for permitting defendant to plead guilty to possession of child

3

pornography; and (4) whether the trial court abused its discretion in sentencing defendant consecutively. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

However, we note that appellate counsel sent a letter to the superior court on March 18, 2013, requesting the abstract of judgment to be corrected in certain respects. While the superior court clerk amended the abstract accordingly and forwarded a copy of the amended abstract to the Department of Corrections and Rehabilitation, the clerk only sent a copy of the first page of the determinate sentence abstract. This page only lists counts 1, 4, 5, and 6. Moreover, the clerk neglected to indicate on the amended abstract that there were additional counts listed on attached pages, and neglected to include the attachments which listed counts 7 through 46, or counts 2 and 3 (the indeterminate sentence abstract). This appears to be a clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.) In the interest of completeness and accuracy, we will direct the clerk to amend the determinate sentence abstract by marking the box stating that "[a]dditional counts are listed on attachment" and forward a copy of the amended determinate sentence abstract with the

4

attachment pages listing counts 7 through 46, as well as the indeterminate sentence abstract listing counts 2 and 3.

DISPOSITION

The superior court clerk is directed to amend the abstract of judgment by marking the box stating that "[a]dditional counts are listed on attachment." The clerk is further directed to forward a copy of the amended abstract of judgment, including the determinate sentence abstract and its attachments, which list counts 7-46, and the indeterminate sentence abstract, which lists counts 2 and 3, to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.